**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| L.C., individually and on behalf of all others similarly situated | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-2049 |
| v. | ) | Honorable Judge Rebecca R. Pallmeyer<br>Magistrate Judge Gabriel A. Fuentes |
| Fertility Centers of Illinois, PLLC, | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION TO DISMISS</u>**

Pursuant to FED. R. CIV. P. 12(b), Fertility Centers of Illinois, PLLC, ("Defendant"), respectfully moves the Court to dismiss all causes of action alleged in the Class Action Complaint filed by Plaintiffs L.C., individually and on behalf of all others similarly situated (collectively, "Plaintiffs"). In support, Defendant states the following.

**<u>Introduction</u>**

This lawsuit is among the hundreds, if not thousands, of website tracker cases that have surged in recent years—often involving no actual harm to any party but generating significant legal fees. Plaintiffs brought this action based on allegations that Fertility Centers of Illinois supposedly employs tracking technology—notably, the Meta Pixel and Google Analytics, ("Analytics Services")—on its public-facing website, https://www.fcionline.com/ ("Website"). Based on generalizations regarding the functionality and default configurations for the Analytics Services, Plaintiffs contend that Defendant collected data relating to their interactions with the Website and by implementing the Analytics Services' technology on it, Defendant is unlawfully disclosing

regulated personally identifiable information ("PII") and protected health information ("PHI") to unauthorized third parties.

Plaintiffs' Complaint is based on generalizations and conclusory allegations. It lacks factual allegations regarding how the Analytics Services' technology behaved when it was purportedly running on Defendant's Website. Plaintiffs' Class Action Complaint lacks well-pleaded facts as to the nature or content of communications they allege Defendant unlawfully disclosed to the Analytics Services. And Plaintiffs do not (nor can they) allege any recognizable damages or injury necessary for recovery under the alleged theories of liability, depriving Plaintiffs of standing.

In short, Plaintiffs' Complaint seeks a windfall while failing to articulate any injury or damages. Accordingly, the Court should grant Defendant's Motion to Dismiss Plaintiffs' Complaint, and dismiss every cause of action alleged against Defendant by Plaintiffs with prejudice.

## Background

**Procedural Background.**

Plaintiffs filed their Complaint on February 28, 2025, alleging causes of action for Violation of Electronic Communications Privacy Act, Negligence, Unjust Enrichment, and Violation of the Illinois Eavesdropping Statute. (Complaint at 27 ¶¶ 197-271.) Defendant received service of the Summons and Complaint on March 3, 2025. (Dkt. 5.) The Parties then reached an agreement to briefly extend the deadline for Defendant's initial response. (Dkt. 7, 8.) Defendant now timely files this Motion to Dismiss.

**Factual Background.**

Plaintiffs' Complaint states various generalizations about the Analytics Services, including the Meta Pixel and Google Analytics—the technology at issue in this action. (Complaint ¶¶ 39-65.) Plaintiffs allege that Defendant "encouraged patients to use its Website to communicate their PII and PHI, schedule appointments, access information about their treatments, pay medical bills, and more." (*Id.* ¶ 67). Plaintiffs further allege that Defendant purposely utilized website tracking technology on its Website to "surreptitiously share it's patients' private and protected communications". (*Id.* ¶ 68).

Plaintiffs allege that the Analytics Services processed data from visitors to the Website to "create reports that analyze the data[,]" including reports on Website traffic, engagement, and "demographics." (*Id.* ¶ 52). Without providing any allegations regarding the nature and configuration of their technology on the Website, Plaintiffs allege that the Analytics Services technology is implemented "by adding a small piece of JavaScript measurement code to each page." (*Id.* ¶ 51). This code, according to the Complaint "immediately intercepts a user's interaction with the webpage every time the user visits it" and "collects identifiable information, such as the unique user and device identifiers . . . and IP address." (*Id.* ¶ 51).

**Argument**

Plaintiffs fail to establish subject matter jurisdiction due to a lack of standing and fail to state a claim upon which relief can be granted under all four claims. As described in more detail below, Plaintiffs did not suffer harm or injury and were given proper notice of and consented to Defendant's privacy practices. Further, they rely on nothing more than conclusory allegations masquerading as "facts." Accordingly, we ask this Court to dismiss all of Plaintiffs' claims.

## A. PLAINTIFFS HAVE NOT ESTABLISHED STANDING NECESSARY TO MAINTAIN SUBJECT MATTER JURISDICTION.

The Court lacks subject matter jurisdiction because Plaintiffs have failed to articulate any harm suffered and therefore cannot establish standing. To establish "the irreducible constitutional minimum" of standing, Plaintiffs must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

### 1. <u>Plaintiffs' Generalized Allegations Of Harm Are Insufficient To Demonstrate The Necessary Injury In Fact To Confer Standing.</u>

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548. Under Article III, "an injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). "Traditional tangible harms," such as physical and monetary harms, qualify as "concrete" injuries. *Id.* at 425. Similarly, certain "intangible harms" can also be "concrete" if they have a "close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* But courts may not "loosen Article III based on contemporary, evolving beliefs about what kinds of suits should be heard in federal courts." *Id.* "While the concreteness requirement examines the substance of a plaintiff's asserted injury, the imminence requirement measures its likelihood. In other words, to provide a basis to sue in federal court, an injury must exist "in both a qualitative and [a] temporal sense."" *Dinerstein v. Google, LLC*, 73 F.4th 502, 511 (7th Cir. 2023). "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Ramirez*, 141 S. Ct. at 2204.

In *Ramirez*, the Supreme Court "rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id*. This District Court is in agreement. "We read the standing principles expounded in those cases to extend beyond the statutory context. . . . Fairly interpreted, those statements apply to all asserted injuries, not just statutory violations." *Dinerstein*, 73 F.4th at 519.

Further, "the inquiry asks whether the plaintiff has "identified a close historical or common-law analogue" for his asserted injury. Put another way, when reviewing a plaintiff's alleged injury for concreteness, "[h]istory and tradition remain our ever-present guides."" *Dinerstein*, 73 F.4th at 511. Here, Plaintiffs fail to connect the injury that they claim to have suffered with the Defendant's Website. Plaintiffs claim that their PII and PHI was sold to advertising companies, yet they fail to allege that they received any targeted ads based on the disclosure of their information, or point to any other potential connection.

The supposed "injury" alleged by Plaintiffs is the exact type (one with "no concrete harm") which the Supreme Court deemed is insufficient to create standing. The Supreme Court concluded "no concrete harm, no standing" and accordingly, this Court should dismiss Plaintiffs' complaint in its entirety. *Ramirez*, 141 S. Ct. at 2214.

2. Plaintiffs Fail To Allege A Concrete Or Particularized Harm Necessary To Prove Standing.

The Supreme Court has held that "each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A challenge to standing may be facial or factual. *Id*. "In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

Plaintiffs' claims arise from Defendant's engagement of the Analytics Services to process data of Website visitors to "generate reports to help analyze the data from the webpages" Compl. ¶ 59. Plaintiffs allege—with bare assertions devoid of factual support—that by implementing analytics on the Website, Defendant "disclosed the specific fertility treatment being received by the patient" to the Analytics Services. (Complaint ¶ 62.) Certainly, Plaintiffs' conclusory allegations shed no light on whether they have suffered a concrete, particularized harm.

Indeed, Plaintiffs fail to allege well pleaded facts showing they have personally been put at risk, suffered a privacy threat, or otherwise identify the harm suffered because of Defendant's conduct alleged in the Complaint. The Seventh Circuit has already rejected this sort of hypothetical risk as an "injury" and this Court should do the same. *Dinerstein v. Google*, LLC, 73 F.4th 502, 514 (7th Cir. 2023). In *Dinerstein*, Plaintiffs were patients at a university hospital that disclosed anonymized electronic health records to third parties for research purposes. This Court held that although some personally identifying information "may have evaded redaction", such a hypothetical assertion does not support conclusory statements. *Dinerstein v. Google*, LLC, 73 F.4th 502, 514 (7th Cir. 2023). Barebones assertions of harm that are not supported by any concrete details are not enough to allege a plausible, concrete injury. *Id*.

In fact, the Complaint does not attempt to identify the nature of Plaintiffs' communications with Defendant beyond receiving fertility treatments. (Complaint ¶¶ 28). Moreover, Plaintiffs fail to identify any specific communications or sensitive information allegedly disclosed by Defendant to the Analytics Services through the Website's technology, relying instead on vague and conclusory allegations in the Complaint. *See Id.* ¶ 145, 232e. Plaintiffs offer only barebones allegations that they were harmed and suffered losses, including, among other things, the improper

taking of their valuable data and a "diminution in value" of their and the Class Members' PII and PHI, without providing any support to substantiate this alleged diminution in value. *See Id.*

Plaintiffs merely allege without any further showing that they:

- "[S]uffered damages as a direct and proximate result of Defendant's invasion of privacy" *Id.* ¶ 232;
- "Defendant exceeded any authorization given and instead consciously disclosed and used this information for its own gain, providing Defendant with economic, intangible, and other benefits, including substantial monetary compensation." *Id.* ¶ 247;
- "Defendant received substantial, qualifiable value from its use of Plaintiff's and Class Members' IIHI, such as understanding how people use its website and determining what ads people see on its website, without providing any value or benefit to Plaintiff or the Class Members" *Id.* ¶ 232c;
- Defendant derived from Plaintiff and the Class Members profit or other benefits based on Defendant's "unfair and unconscionable methods, acts and trade practices alleged in this Complaint" *Id.* ¶ 251;
- Plaintiffs face a "continued and ongoing risk" based on Defendant's "conduct"; *Id.* at ¶ 26.

Plaintiffs' conclusory allegations of harm in the Complaint, such as Defendant's alleged use of their PHI/PII are "too speculative" and "far too generalized, broad and remote to qualify as an injury in fact." *Doe 1 v. Nat'l Collegiate Athletic Ass'n*, No. 1:23-CV-00542-SEB-MJD, 2024 WL 3293591, at *4 (S.D. Ind. July 2, 2024). In *Doe*, Plaintiffs were a class of present and former college athletes alleging harm resulting from the NCAA's intentional decision to remain silent

despite widespread sexual abuse and harassment by coaches at NCAA-member institutions. *Doe 1 v. Nat'l Collegiate Athletic Ass'n, at *1*. The Court held that while Plaintiffs were alleging past harm had occurred, they were no longer athletes at the school and thus the risk of future harm has been diminished. *Id*. As a result, this Court stated that the risk of future injury is far too speculative, broad, generalized, and remote to constitute an injury in fact. *Id*. In the present case, Plaintiffs fail to allege with any particularity that future harm may occur as a result of their interactions with the Website, other than concluding that a "continued and ongoing risk" exists. (Complaint ¶¶ 26). Thus, dismissal is warranted.

**B. THE COMPLAINT FAILS TO PLEAD A PLAUSIBLE CLAIM AGAINST DEFENDANT.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is intended to assess whether a complaint states a legally sufficient claim. *Geinosky v. City of Chicago, 675 F.3d 743, 745 n.1 (7th Cir. 2012)*. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557). Rather, the claim must be "plausible on its face," meaning that the plaintiff must plead sufficient factual allegations to "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (*citing Twombly*, 550 U.S. at 570). Due to Plaintiff' failure to allege sufficient well-pleaded facts to support any of the causes of action asserted against Defendant, Plaintiffs' Complaint should be dismissed in it's entirety.

1. <u>Plaintiffs Fail To State A Claim For Negligence.</u>

To state a claim for negligence in Illinois, a plaintiff must allege facts showing that (1) the defendant owed a duty of care to the plaintiff, (2) that the defendant breached that duty, and (3) that the breach was the proximate cause of the plaintiff's injuries. *Doe v. Genesis Health Sys.*, No. 23-CV-4209-JES-JEH, 2024 WL 3890164, at *10 (C.D. Ill. Aug. 21, 2024). As for the first element, it may be established by common law or statute. *Id*. Even if Plaintiffs can argue that Defendant owed Plaintiffs a duty of care, they fail to allege that Defendant breached that duty and that the breach was the proximate cause of the Plaintiff's injuries. Plaintiffs allege that they did not consent to the transmission of their PII and PHI information to third party. Plaintiffs merely allege without any further showing that "These disclosures were made without Plaintiff's or Class Members knowledge, consent, authorization, and were unprivileged." ¶ 238.

Plaintiffs state conclusory allegations that they had reasonable expectations of privacy in their communications exchanged with the Defendant when visiting their Website. ¶ 238. However, Plaintiffs fail to allege that their reasonable expectations of privacy were violated when they visited the Website or that they had a contractual relationship with the Defendant. They further fail to allege a connection between entering their information into the fields of the Website and the targeted ads they received. Nowhere in the Complaint do Plaintiffs state the type of targeted ads they received or whether those ads could somehow be related to the PII and PHI information that they disclosed.

Further, Plaintiffs state that "Defendant encouraged patients to use its Website to communicate their PII and PHI, schedule appointments, access information about their treatments, pay medical bills, and more." ¶ 67. However, Plaintiff undermines her own allegation by conceding that her first interaction with the Defendant was to schedule an appointment through the Website. ¶ 28. Plaintiff does not state anywhere in the Complaint that Defendant forced her to do anything on the Website.

2. The Complaint Fails To Allege A Plausible Basis For Plaintiffs' Unjust Enrichment Claim Against Fertility Centers of Illinois.

Plaintiffs fail to state a claim for unjust enrichment because they have not alleged sufficient facts regarding the alleged benefit conferred upon (or realized by) Fertility Centers of Illinois. "In Illinois, "[t]o state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011) "But while a plaintiff need not show loss or damages, he must show a detriment—and, significantly, a connection between the detriment and the defendant's retention of the benefit." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 518–19 (7th Cir. 2011).

Plaintiffs fail to allege any well-pleaded facts stating the benefits that they supposedly conferred and thus their claims should be dismissed. The basis for the Complaint stems from Plaintiffs' interaction with the Website. Plaintiffs fail to allege, because they cannot, that any interactions they had with the Website conferred a benefit upon Defendant. Unjust enrichment lies at the heart of quasi-contract; if a defendant is not enriched, it hardly can be unjustly enriched. *Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp.*, 907 F.2d 732, 744 (7th Cir. 1990). Any

compensation paid by Plaintiffs to Defendant would have been for medical services—and they do not allege that they did not receive the medical services they paid Defendant for. In the absence of any non-conclusory allegations that Defendant received and retained a benefit based on Plaintiffs' interaction with the Website, Plaintiffs' unjust enrichment claim should be dismissed.

3. <u>The Complaint fails to establish a plausible claim under the Illinois Eavesdropping Statute.</u>

The Complaint's allegations fail to establish a plausible basis for Defendant's liability under the Illinois Eavesdropping Statute ("IES"). According to 720 ILCS § 5/142-(a)(3), a person commits eavesdropping when he or she knowingly and intentionally intercepts, records, or transcribes, in a surreptitious manner, any private electronic communication to which he or she is not a party unless he or she does so with the consent of all parties to the private electronic communication. In a very similar case, Plaintiffs shared their medical information via website with Defendant, a hospital, and alleged that a website tracking program was embedded on the website and therefore their PII and PHI had been compromised. *Stein v. Edward-Elmhurst Health*, No. 23-CV-14515, 2025 WL 580556, at *2 (N.D. Ill. Feb. 21, 2025). In terms of the IES, this Court held: "That leaves section 5/14-2(a)(3) as the last provision standing. That provision applies when a party intercepts, records, or transcribes a private electronic communication "to which he or she is not a party unless he or she does so with the consent of all parties to the private electronic communication." See 720 ILCS 5/14-2(a)(3). But here, EEH was a party to the communications." *Id*. at *8. Similarly, Defendant is a party to the communications because the communications Plaintiffs are alleging as unlawful occurred on the Defendant's Website. Therefore, Plaintiffs fail to allege that Defendant committed a violation under the Illinois Eavesdropping Statute and thus dismissal is warranted.

Further, Plaintiffs fail to establish the knowing and willful aspect of the law. Defendants' Notice of Privacy Practices cited by the Complaint cuts against any intent to violate the IES by its reference to Disclosures of Your Information including those that provide software services. (https://www.fcionline.com/privacy-policy/). Plaintiffs' failure to adequately allege Defendant's intent under the IES alone should warrant dismissal of this cause of action. For the reasons stated above, Plaintiffs fail to state a cause of action under the Illinois Eavesdropping statute because Defendant was a party to the alleged communication and Plaintiff's cannot establish the element of intent.

## Conclusion

For the forgoing reasons, Defendant Fertility Centers of Illinois respectfully requests that the Court grant this Motion to Dismiss, dismiss Plaintiffs' Class Action Complaint and causes of action with prejudice, and grant any further relief to which the Court finds Defendant is justly entitled.

Respectfully submitted this 21st day of April 2025.

**CONSTANGY, BROOKS, SMITH, & PROPHETE, LLP**

By: *_/s/ Laura Balson_*
Laura Balson (#6291377)
20 N. Wacker Drive, Suite 4120
Chicago, IL 60606
P: 773.661.4710
lbalson@constangy.com

*Attorney for Defendant, Fertility Centers of Illinois, PLLC*

**CERTIFICATE OF SERVICE**

I, Stacy Wallace, a non-attorney, hereby certify that on April 21, 2025, I caused a copy of the foregoing ***Defendant's Motion to Dismiss to Plaintiff's Complaint*** to be electronically filed with the Clerk of the Court using the Court's electronic filing system, which shall send notification to such filing to the following:

Bursor & Fisher, P.A.
Alec M. Leslie
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019

*Attorney for Plaintiff*

*/s/ Stacy Wallace*