**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| L.C., individually and on behalf of all others similarly situated | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-2049 |
| v. | ) | Honorable Judge Rebecca R. Pallmeyer<br>Magistrate Judge Gabriel A. Fuentes |
| Fertility Centers of Illinois, PLLC, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant Fertility Centers of Illinois, PLLC ("Defendant"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby submits this Reply Brief in Support of its Motion to Dismiss.

## ARGUMENT

### I. Plaintiff L.C.'s Memorandum of Law in Opposition [Doc. 17] solidifies that she has not pled an injury in fact and therefore cannot establish standing.

To be clear, despite the Complaint being 60 pages long, the only factual allegations in the Complaint pertaining to L.C. herself are found on a single page at paragraphs 28, 29, and 30. Specifically, it is alleged that L.C. scheduled an appointment for fertility treatment through Defendant's Website on November 11, 2022; that L.C. attended her appointment and received fertility treatment; that L.C. maintained an active Facebook account and used the same device to access the Website and her Facebook account; and that her offsite activity report from her Facebook account confirmed that information related to her use of the Website was intercepted by Facebook. [Doc. 1 ¶¶ 28-30] Notably, Plaintiff recaps these same factual allegations and relies upon them in her Memorandum in Opposition. [Doc. 17 at 4, 6]

From there, in an effort to establish an injury in fact, Plaintiff argues that "Courts considering identical conduct Defendants [sic] have found a plaintiff has Article III standing to pursue privacy claims related to unlawful disclosure of PHI." [Doc. 17 at 6] However, the two cases cited by Plaintiff in support of this argument are readily distinguishable from the barebones allegations L.C. makes about booking an appointment on Defendant's Website. In other words, they do not come close to involving "identical conduct," as Plaintiff asserts.

First, in *Smith v. Loyola University Medical Center*, 2024 WL 3338941 (N.D. Ill. July 9, 2024), this Court found that the plaintiffs' allegations, at least for purposes of the early motion to dismiss stage, were sufficient to show an injury in fact. As this Court explained it, "the named plaintiffs included the *specific medical diagnoses and treatment they inputted on LUMC's website*, as well as the *types of targeted medical advertisements* they began receiving shortly thereafter." 2024 WL 3338941, at * 4 (emphasis added).

Second, in *Doe v. Genesis Health System*, 2024 WL 3890164 (C.D. Ill. Aug. 21, 2024), the plaintiff pled "specifically to herself, that Genesis had disclosed to Facebook her; identity, location, status as a patient, seeking of medical treatment, health conditions, and treatment sought" and that "Genesis had disclosed information to Facebook related to her online activities on behalf of her minor son, J.D., in her search for doctors for J.D., her scheduling of telehealth appointments for him, and her efforts to find mental health services for him." *Id.* at *2. In finding that an injury in fact was pled on these allegations, the Court stated as follows:

> The Court finds that the alleged disclosure of Plaintiff's status as a patient, her physician searches, her scheduling of telehealth appointments, and *her identification of health conditions and the treatment sought for those conditions, on*

> *behalf of herself and her minor son*; as well as her claims that *she was subject to targeted ads* as a result of the knowing and unauthorized transmission of *her personal information*, is sufficient to establish an injury in fact fairly traceable to Defendant.

*Id.* at *6 (emphasis added).

Here, unlike the plaintiffs in *Smith* and *Doe*, L.C. does not allege that she ever input or disclosed her specific medical treatment, diagnosis, or condition on Defendant's Website. The most she alleges is that she used the Website to book an appointment—before she ever received any treatment. [Doc. 1 ¶ 28] Moreover, her allegations pertaining to an offsite activity report from Facebook are vague; she asserts that the report "confirmed that information related to her use of the Website was intercepted by Facebook," [Doc. 1 ¶ 30], but she includes no allegations as what that purported "information" was or even what constituted "her use of the Website" (again, aside from her sole allegation about using the Website to schedule an appointment).

Additionally, unlike the plaintiff in *Doe*, L.C. has not even pled that <u>she specifically</u> has received any targeted adds based on her use of the Website. In an effort to rebut the arguments raised by Defendant in its initial Motion to Dismiss on this point, the most Plaintiff does in her Memorandum in Opposition is point to paragraph 151 of the Complaint, where she alleges "Upon information and good belief, Defendant retargeted patients and potential patients, including Plaintiff and Class Members." [Doc. 17 at 7; Doc. 1 ¶ 151] Tellingly, L.C. fails to allege any particular targeted advertisement <u>she, in fact, ever received</u>. This lack of particularity further demonstrates L.C.'s inability to establish an injury in fact on these Complaint allegations. *See, e.g.*, *Andrews v. Prisma Health*, 2024 WL 3861384, at * 7 (D.S.C. Aug. 16, 2024) (finding lack of

standing and reasoning that "[a]lthough the Complaint generally alleges that, when using the Pixel and CAPI, Facebook obtains the confidential information and then sells it to third-party marketers who geotarget users' Facebook pages, nothing in the Complaint specifically alleges that Facebook sold *Plaintiff's* Private Information or that Plaintiff received targeted marketing after using the Website") (emphasis in original).

Simply stated, L.C. has not pled concrete, particularized, and actual damages to her stemming from her one-time use of Defendant's Website to schedule an appointment. Since she cannot establish standing, this Court should grant Defendant's Motion to Dismiss under Rule 12(b)(1).

**II. Alternatively, all of Plaintiff L.C.'s claims fail to plausibly allege claims upon which relief can be granted by this Court.**

Although Defendant contends that this Court should not have to reach its Rule 12(b)(6) arguments in light of Plaintiff L.C's lack of standing, all of her claims are still subject to dismissal on these grounds as well.

With regard to L.C.'s claim under the Illinois Eavesdropping Statute, 720 ILCS § 5/14-2(a)(3) ("IES"), Plaintiff does not attempt to distinguish or rebut Defendant's argument with regard to this Court's decision in *Stein v. Edward-Elmhurst Health*, 2025 WL 580556 (N.D. Ill. Fed. 21, 2025). [*See* Doc. 9 at 11] Instead, Plaintiff argues that Defendant is liable as a "principal" under this statute. [Doc. 17 at 14] But Plaintiff's argument here is misplaced. Since, Defendant is a party to the communications at issue, § 720 ILCS § 5-14-2(a)(3) is definitionally not applicable since this section of the IES only applies in the first place if the defendant is "not a party." As this Court

in *Stein* similarly held, since Defendant is a party here there cannot be liability and Plaintiff's IES claim fails. *See Stein*, 2025 WL 580556, at *8.

Relatedly, given the singular allegations of the appointment booking through the Website alleged in the Complaint, L.C.'s claim under the Electronic Communications Privacy Act ("ECPA") cannot be maintained either. As an initial matter, Defendant acknowledges that it inadvertently did not separately address the ECPA claim in its Rule 12(b)(6) arguments in its initial Motion to Dismiss. But it did address this claim, along with L.C.'s other claims, in its Rule 12(b)(1) arguments in its initial Motion to Dismiss. Defendant essentially relies on those same arguments here: since L.C. has not pled an injury in fact under Rule 12(b)(1), her ECPA cannot survive a motion to dismiss under Rule 12(b)(6) either. Moreover, the ECPA is subject to a similar "party" exception as the IES claim, and District Courts have found that pixel tracking cases in the medical practice context run into a similar problem and cannot survive a Rule 12(b)(6) motion to dismiss because the medical practice itself is the intended recipient of the communications. *See T.D. v. Piedmont Healthcare, Inc.*, 2024 WL 3972984, at *4 (N.D. Ga. Aug. 28, 2024) (dismissing ECPA claim under Rule 12(b)(6)) (collecting cases).

Finally, Defendants rest on the arguments raised in their initial Motion to Dismiss with regard to L.C.'s negligence and unjust enrichment claims. [Doc. 9 at 9-11] Simply stated, L.C. has failed to allege how she, specifically, suffered any damages as a result of any breach of duty owed to her or how Defendant unjustly retained a benefit through L.C.'s singular visit to Defendant's Website to book an appointment. *See also Piedmont Healthcare*, 2024 WL 3972984, at *4 (similarly dismissing negligence and unjust enrichment claims, among other claims).

## CONCLUSION

For all of the reasons stated here and in its initial Motion to Dismiss [Doc. 9], Defendant Fertility Centers of Illinois, PLLC respectfully requests that this Court grant its Rule 12(b)(1) and 12(b)(6) Motion to Dismiss.

Respectfully submitted this 13th day of June 2025.

**CONSTANGY, BROOKS, SMITH, & PROPHETE, LLP**

By: */s/ Laura Balson*
Laura Balson (#6291377)
20 N. Wacker Drive, Suite 4120
Chicago, IL 60606
P: 773.661.4708
lbalson@constangy.com

/s/ William J. McMahon, IV
William J. McMahon, IV (NC Bar No. 34097)
One West Fourth Street, Suite 850
Winston-Salem, NC 27101
P: 336.721.6860
bmcmahon@constangy.com

*Attorneys for Defendant, Fertility Centers of Illinois, PLLC.*

## CERTIFICATE OF SERVICE

I, William J. McMahon, IV, hereby certify that on June 13, 2025, I caused ***Defendant's Reply Brief in Support of Motion to Dismiss*** to be provided via the ECF filing system to the following:

Bursor & Fisher, P.A.
Alec M. Leslie
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019

Attorney for Plaintiff

*/s/ William J. McMahon, IV*
William J. McMahon, IV