**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| L.C., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FERTILITY CENTERS OF ILLINOIS, PLLC,<br><br>Defendant. | Case No. 25 C 2049<br><br>Magistrate Judge Gabriel A. Fuentes |

**ORDER PRELIMINARILY APPROVING**
**CLASS ACTION SETTLEMENT AGREEMENT**

This matter coming before the Court on Plaintiff's Uncontested Motion for Preliminary Approval of Class Action Settlement ("the Motion"; D.E. 56), and with this matter before the magistrate judge on consent (D.E. 46), and good cause having been shown,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. The terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. In the Motion, Plaintiff has moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice. The Court having read and considered the Settlement Agreement, and having heard the Parties and being fully advised in the premises including at hearing in open court on September 11, 2026 (D.E. 60), hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in this Order, certifies the Settlement Class for purposes of settlement only, finds that the Settlement Class

defined below is likely to be certified for purposes of entering the Final Approval Order, appoints Class Counsel and the Class Representative, and approves the Notice Plan.

**Certification of the Settlement Class**

3. For purposes of settlement only, the Court certifies the following Settlement Class as defined in the Settlement Agreement: All persons in the United States who, from September 1, 2020, through December 31, 2024, accessed and used the Defendant's website.

Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action, any members of the Judges' respective staffs, and members of the Judge's family; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

4. The Court finds that, for the reasons stated in the Motion, and subject to the Final Approval Hearing referred to below, the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of settlement only, that the Settlement Class likely satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure for purposes of entering the Final Approval Order, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class; Plaintiff's claims are typical of the claims of the members of the Settlement Class; Plaintiff and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

**Preliminary Approval of the Settlement**

5. For purposes of settlement only: (a) Bursor & Fisher, P.A. is appointed Class Counsel for the Settlement Class; and (b) Plaintiff L.C. is named the Class Representative of the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff will adequately protect the interests of the Settlement Class defined above.

6. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action mechanism, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys with the assistance of the undersigned magistrate judge (who has presided over nearly 400 mediations since May 2019) at a lengthy settlement conference on May 26, 2026 (D.E. 38), and numerous telephonic settlement conferences with the parties thereafter (D.E. 39, 40, 41, 42, 43, 44); (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Notice and Administration**

7. The Court approves, as to form, content, and distribution, the Notice plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits A, B, and C, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of the Action, the terms of the Settlement Agreement, and the right to object to the Settlement Agreement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

8. The Court approves the appointment of Kroll Settlement Administration LLC as Settlement Administrator under the Settlement Agreement.

9. Pursuant to Paragraph 4 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice on the Settlement Website by the Notice Date. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement online.

10. The Settlement Administrator shall send Notice by the deadline contemplated under the Settlement.

**Exclusion**

11. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing

on or before the Objection/Exclusion deadline of **December 3, 2026.** Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

12. To be valid, the member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Notice, providing his/her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion.

**<u>Objections</u>**

13. Any member of Settlement Class who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested incentive award to the Class Representative as set forth in the Notice and Settlement Agreement. To object, Settlement Class Members must sign and file a written objection on or before the Objection/Exclusion Deadline of December 3, 2026.

14. To be valid, the member of the Settlement Class must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including information sufficient to identify her current Facebook page or a screenshot showing that she was a Facebook member during the class period; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules) (6) a list, by case name, court, and docket number, of all other cases in which the objector and/or the Objecting Attorneys have filed an objection to any proposed class action settlement within the last three (3) years.

15. If the objecting member of the Settlement Class or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

16. Any member of the Settlement Class who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with this Order and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final

Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or in any other action or proceeding.

**Claims Deadline**

17. All Claim Forms must be postmarked or submitted on the Settlement Website by December 3, 2026 (the "Claims Deadline") to be considered timely.

**Final Approval Hearing**

18. The Final Approval Hearing shall be held before this Court at 10:30 a.m. on **January 13, 2027,** in Courtroom 2266 of the Dirksen U.S. Courthouse, 219 S. Dearborn St., Chicago, IL, to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

19. Class Counsel shall file papers in support of their Fee Award and the Class Representative's incentive award (collectively, the "Fee Petition") with the Court on or before **November 19, 2026**. Papers supporting the Fee Award shall be filed with the Court and posted to the Settlement Website. Settlement Class Members may object on their own or may do so through separate counsel at their own expense.

20. Plaintiff shall file her papers in support of final approval of the Settlement Agreement, and in response to any objections, with the Court on or before December 30, 2026.

21. For all of the foregoing reasons, the Motion is GRANTED.

**SO ORDERED.**

**ENTER:**

**HON. GABRIEL A. FUENTES**
**U.S. MAGISTRATE JUDGE**

**Dated: September 14, 2026**